[Civ. No. 27135. Fourth Dist., Div. Two. Oct. 26, 1982.]

RICHARD R. BECK, JR., et al., Plaintiffs and Respondents, v.
BOARD OF ADMINISTRATION OF THE PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, Defendant and Appellant.

COUNSEL

George Deukmejian, Attorney General, and Alan S. Meth, Deputy Attorney General, for Defendant and Appellant.

Stearns, Gross, Moore & Rusch and Richard T. Gross for Plaintiffs and Respondents.

OPINION

KAUFMAN, Acting P. J.—The Board of Administration (the Board) of the Public Employees Retirement System (PERS) appeals from a judgment mandating PERS to award death benefits to the beneficiaries designated by the deceased employee, Bernice A. Barstow, before her death. The sole question presented is whether under the circumstances presented a beneficiary designated by a deceased employee is entitled to death benefits in preference to the statutorily designated beneficiary. We conclude that in the circumstances presented the death benefits are payable to the statutorily designated beneficiary. Accordingly the judgment will be reversed with directions.

*Facts*

The facts are not disputed. Decedent worked for the Metropolitan State Hospital for 19 years until her death. She was 57 years old when she died. As a result of her employment, decedent was a miscellaneous member of PERS. Before she died, decedent named her children from a previous marriage (petitioners) as the beneficiaries of her death benefits. Decedent was survived by the children and her husband.

After decedent's death, one of petitioners made a claim with PERS for decedent's death benefits. PERS denied the claim, and petitioners appealed. After an administrative hearing the administrative law judge submitted a proposed decision that the claim should be granted. PERS elected not to adopt the proposed decision, and denied petitioners' claim. Petitioners than filed a petition for writ of mandate to compel PERS to pay death benefits to them. The trial court issued a peremptory writ of mandate. On appeal the Board urges that in the circumstances presented the beneficiaries designated by statute prevail over the beneficiary designated by the employee.

*Discussion*

■ Petitioners contend they are entitled to decedent's death benefits pursuant to Government Code section 21365.1,[1] which provides that "[t]he basic death benefit and the limited death benefit shall be paid *as provided in this article* to the beneficiary designated by the member under Section 21204 or 21205. [Italics added.]" Section 21204 provides that "[a] member may at any time designate a beneficiary to receive *such benefits as may be payable to his beneficiary* or estate under this part, by a writing filed with the board. [Italics added.]" Section 21360 provides for a basic death benefit upon the death of a member before the effective date of retirement and while in state service.

The Board argues that when the deceased employee has met the requirements of section 21365.5 the "survivor's allowance," provided for in that section[2] is to be paid in lieu of the basic death benefit, and that allowance is payable to the beneficiary designated by the statute, in this case

---

[1]All statutory references are to the Government Code unless noted otherwise.

[2]Government Code section 21365.5 provides in pertinent part: "Upon the death of a member *who has attained the minimum age for voluntary service retirement* applicable to him or her in his or her last employment preceding death, *and who is credited with five or more years of state service* and in circumstances in which the basic death benefit is payable . . . a monthly allowance equal to one-half of and derived form the same source as the unmodified retirement allowance which the member would have been entitled to receive if

decedent's husband. The "survivor's allowance" is a special allowance equal to one-half of the unmodified retirement allowance a member would have received if he had been retired on the date of death (§ 21365.5). The statute provides it is payable to the member's surviving spouse, if any, and if there is no surviving spouse, then to the member's minor children (see fn. 2, *ante*).

The question whether the beneficiary designated by section 21365.5 takes in preference to the person named as a beneficiary by the member was decided in *Lee* v. *Board of Administration,* (1982) 130 Cal.App.3d 122 [181 Cal.Rptr. 754]. In *Lee,* the decedent worked for the California Department of Forestry. As is true of the decedent in the present case, the decedent in *Lee* was over 50, had more than 5 years of service credit, and had not retired. The decedent in *Lee* was married, but had been separated from his

---

he or she had retired for service on the date of his or her death *shall* be payable:

"(a) To the surviving wife of a male member as long as she lives or until her remarriage; or

"(b) To a surviving husband of a female member as long as he lives or until remarriage; or

"(c) To the children under age 18 collectively if there is no surviving spouse or if the surviving spouse dies or remarries before all children of the deceased member attain age 18, until every child dies or attains age 18; provided, that no child shall receive any allowance after marrying or attaining the age of 18.

"Where a member does not have a surviving spouse nor any children under the age of 18 years at the time of death, no allowance shall be payable under this section.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"The allowance provided by this section *shall* be paid in lieu of the basic death benefit but a person, or such person's guardian, qualifying for the allowance may elect before the first payment on account of it to receive such basic death benefit in lieu of the allowance.

"Any person who is receiving the allowance under this section on October 1, 1959, shall have the right to elect, not later than ninety (90) days after the date upon which notice of such right is mailed to him or her by this system, to receive in lieu of further payments of the allowance, a sum equal to the excess of the basic death benefit which was otherwise payable on account of the member's death over the sum of the monthly payments made prior to such election.

"If the total of the payments made hereunder is less than the basic death benefit which was otherwise payable on account of the member's death, the amount of the basic death benefit less any payments made pursuant to this section shall be paid in a lump sum as follows:

"(a) If the person last entitled to the allowance is the remarried spouse of such member, to such spouse;

"(b) Otherwise, to the surviving children of the member, share and share alike, or if there are no such children, to the estate of the person last entitled to the allowance.

"The board shall compute the amount by which benefits paid pursuant to this section exceed the benefits which would otherwise be payable and shall charge any such excess against the contributions of the state so that there shall be no increase in contributions of members by reason of benefits paid pursuant to this section. As used in this section, 'a surviving wife' means a wife that was married to the member for at least one year prior to his death, a 'surviving husband' means a husband that was married to the member for at least one year prior to the member's death, and 'child' includes a posthumously born child of the member . . . ." (Italics added.)

wife for 23 years at the time he died. The decedent in *Lee* had designated plaintiff as his beneficiary, and plaintiff applied for the decedent's death benefits. The Third District Court of Appeal held that section 21365.5 expressly provides that payments be made to the member's surviving spouse, and if there is none, then to the member's children. The *Lee* court further held that benefits paid pursuant to section 21365.5 were in lieu of the member's basic death benefits. We are persuaded the *Lee* court was correct.

Section 21365.5 provides that where the member has attained the minimum retirement age, has been credited with five or more years of state service, and did not retire before the time of death, the survivor's allowance *shall be paid in lieu of the basic death benefit to the surviving spouse.* We see nothing ambiguous in the language of section 21365.5. Nor do we perceive a conflict between section 21365.5 and sections 21365.1 and 21204. Sections 21365.1 and 21204 on the one hand and section 21365.5 on the other cover different situations. If the state miscellaneous member is under 50 years of age at the time of his or her death, or has worked less than 5 years, or has neither a surviving spouse nor minor children at the time of death, then the Legislature in section 21204 has authorized the member to designate the beneficiaries of his or her death benefits. But where the state miscellaneous member at the time of his or her death is between ages 50 and 70, has worked for the state for at least 5 years, has not retired, and is survived by a spouse or minor, unmarried child, the Legislature has determined that the member's death benefits shall go to the surviving spouse or minor child.

As stated in *Lee* v. *Board of Administration, supra,* 130 Cal.App.3d at page 130, "The [statutory] language 'as provided in this article' manifests that payment of the basic death benefit is contingent upon other provisions contained in the applicable articles of the Government Code, i.e., that other sections will determine how, when, and whether a designated beneficiary will receive payment of the basic death benefit. And, as section 21365.5 provides, when a member who qualifies under its provisions dies prior to retirement, the survivor's allowance *shall be paid to the surviving spouse* in lieu of any payment of the basic death benefit, unless the spouse elected instead to receive the basic death benefit." (Italics in original.)

Petitioners argue that the decision in *Lee* should not be followed because of the court's observations that "[w]hile section 21365.5 works on [*sic*] obvious injustice under the facts of this case," (*id.,* at p. 132) and "[w]hile the facts presented in this case appear to work an injustice against plaintiff, we believe our ruling to be correct" (*id.,* at p. 137). The "injustice" referred to by the court was that section 21365.5 required the

payment of the survivor's allowance to a surviving spouse with whom the decedent had not lived for 23 years. In the case at bench, the application of section 21365.5 works no such apparent injustice. If the result reached in *Lee* was legally required notwithstanding the court's perception of an unjust result, it is all the more appropriate here.

## Disposition

The judgment is reversed with directions to enter judgment in favor of appellant. In the interests of justice the parties shall bear their own respective costs on appeal.

McDaniel, J., and Trotter, J., concurred.