[Civ. No. 68890. Second Dist., Div. Six. Nov. 14, 1983.]

CHERYL ELISABETH KNIGHT, Plaintiff and Respondent, v.
BOARD OF ADMINISTRATION OF THE PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, Defendant and Appellant.

974

**COUNSEL**

Gerald Ross Adams and Thomas Allen Aceituno for Defendant and Appellant.

Cunningham, Lansden & Vlad and Joseph G. Vlad for Plaintiff and Respondent.

OPINION

STONE, P. J.—This appeal by the Board of Administration (Board) of the Public Employees' Retirement System (PERS) from a judgment granting a petition for writ of mandate requires resolution of the conflict between Government Code section 21365.1 statutorily designating beneficiaries for "survivor's allowance" and Government Code section 21204 under which beneficiaries are designated by a deceased employee. We conclude based upon existing authorities, the reasoning contained therein, the policy behind the legislation in question, and the legislative history, that the statutory scheme gives priority to a surviving spouse over a designated beneficiary. Accordingly, the judgment shall be reversed with directions.

FACTS

Prior to her death on March 2, 1979, Elisabeth S. Blake (hereinafter the decedent) was a local miscellaneous member of the PERS by virtue of her employment as a librarian first with the Coalinga Union High School District and then for the City of Santa Paula. At the time of her death, decedent was approximately 68 years old, still employed, and eligible for retirement.

Between 1961 and 1976, decedent filed several beneficiary forms designating specific individuals entitled to her death benefits. The most recent designation dated May 19, 1976, named her six grandchildren, one of whom is Cheryl Elisabeth Knight, as beneficiaries. Decedent was survived by all six grandchildren as well as by her spouse, Berkeley B. Blake (hereinafter Blake).

Prior to their marriage in 1966, decedent and Blake executed an antenuptial agreement which provided each party waived, discharged, and released any and all claims and rights that he or she may acquire solely by reason of the marriage. Decedent, on several occasions, told her grandchildren that in the event of her death, the grandchildren would share equally in the proceeds which decedent had placed into the retirement fund. Blake died several months after decedent.

Decedent's grandchildren made a claim with PERS for decedent's death benefits, contending that the antenuptial agreement constituted a waiver on the part of Blake of any rights in benefits from the retirement system. After hearing, the administrative law judge submitted a proposed decision that the claim should be granted. The Board elected not to adopt the proposed decision, denied the application for benefits, and ordered payment to the estate of Blake. In the mandate proceedings which followed, the court granted the

writ of mandate brought by respondent and made the following findings: 1) the antenuptial agreement did not constitute a waiver of benefits payable under PERS;[1] 2) Government Code section 21365.5 does not give precedence to a surviving spouse over a named beneficiary. The court then ordered PERS to make payments in accordance with the most recent designation executed by decedent.[2]

## DISCUSSION

At the time the superior court granted respondent's writ of mandate, the law regarding the conflict between the basic death benefit (Gov. Code, § 21360 et seq.) and the 1957 survivor's allowance (Gov. Code, § 21365.5) was uncertain.[3] Subsequent thereto, two appellate court cases which have addressed this issue ruled, as did the Board in the instant case, that the 1957 survivor's allowance takes precedence over the basic death benefit.

Section 21360 provides for a basic death benefit upon the death of a member before the effective date of retirement and while in state service, payable in all cases where the retirement system is liable for either the basic or special death benefit and where the special death benefit is not payable. (Gov. Code, §§ 21250, 21361.) Section 21365.1 provides: "The basic death benefit . . . shall be paid as provided in this article to the beneficiary designated by the member under section 21204 or 21205." Section 21365.5 which provides for a "survivor's allowance" is payable only to the mem-

---

[1]Only the latter finding is at issue herein.

[2]The following provisions of the Government Code, which were in effect at all times pertinent to this appeal, are relevant to death benefits:

1. Government Code section 21365.5, herein referred to as the 1957 survivors' allowance, reads in pertinent part: "Upon the death of a member who has attained the minimum age for voluntary service retirement . . ., and who is credited with five or more years of state service and in circumstances in which the basic death benefit is payable . . ., a monthly allowance . . . shall be payable: . . . [¶] (b) To a surviving husband of a female member as long as he lives or until remarriage; . . . [¶] Where a member does not have a surviving spouse nor any children under the age of 18 years at the time of death, no allowance shall be payable under this section. . . . The allowance provided by this section shall be paid in lieu of the basic death benefit . . ."

2. Government Code section 21361 reads in pertinent part: "The basic death benefit is payable in all cases where the retirement system is liable under Section 21360 for either the basic or a special death benefit and the special death benefit is not payable. . . ."

3. Government Code section 21204 reads in pertinent part: "A member may at any time designate a beneficiary to receive any such benefits as may be payable to his beneficiary or estate under this part, by a writing filed with the board. . . ."

4. Government Code section 20037 reads: "'Beneficiary' means any person, including a corporation, designated by a member, or a retired member, to receive, or who qualifies by statute for receipt of, a benefit payable under this part, on account of the death of a member or a retired member."

[3]Hereafter, all statutory references are to the Government Code unless otherwise indicated.

ber's surviving spouse or minor children. Further, the fourth paragraph of this section provides: "The allowance provided by this section shall be paid in lieu of the basic death benefit but a person, or such person's guardian, qualifying for the allowance may elect before the first payment on account of it to receive such basic death benefit in lieu of the allowance."

In the instant case, Blake's daughter, as his conservator, elected on his behalf to be paid the lump sum benefit. Had she not done so, at Blake's death another provision in section 21365.5 would have come into play which provides: "If the total of the payments made hereunder is less than the basic death benefit which was otherwise payable on account of the member's death, the amount of the basic death benefit less any payments made pursuant to this section shall be paid in a lump sum as follows: (a) If the person last entitled to the allowance is the remarried spouse of such member, to such spouse; (b) Otherwise, to the surviving children of the member, share and share alike, or if there are no such children, to the estate of the person last entitled to the allowance . . . ."

Under this provision the balance of the benefits would have gone to decedent's estate at Blake's death absent his conservator's election of the lump sum benefit.

■ Respondent's argument that the position taken by PERS frustrates the intent of the member has some facial merit and we are aware of the apparent inequity which will ensue in adopting appellant's position since decedent's plan was clearly to leave her benefits to her grandchildren. Blake took nothing under decedent's will nor was he ever a designated beneficiary for her death benefits. However, under the current state of the law we have no choice but to reverse the court's decision.

In *Lee* v. *Board of Administration* (1982) 130 Cal.App.3d 122 [181 Cal.Rptr. 754], the trial court denied a petition by the designated beneficiary of a deceased state employee seeking to compel the Board of Administration of PERS to award her the basic death benefit and the group term life insurance benefit pursuant to Government Code sections 21204, 21205, 21365.1, 21400 et seq. The Court of Appeal affirmed, holding that the Board properly awarded the survivor's benefit to the wife notwithstanding that the parties had lived separate and apart for 23 years. The Court of Appeal rejected the contention of Joanna Lee, the designated beneficiary, that the survivor's allowance is applicable only when the member has either designated his or her spouse as beneficiary or when the member dies without having designated a beneficiary but leaving a surviving spouse, stating: "There is nothing contained in section 21365.5 which expressly or impliedly makes the surviving spouse's eligibility for the allowance dependent upon his or her

status as either designated or statutory beneficiary. To the contrary, section 21365.5 makes clear that where there is a surviving spouse and the deceased member dies prior to retirement (but after having attained the applicable minimum retirement age and having been credited with five or more years of state service at the time of death) the survivor's allowance *shall* be payable to the surviving spouse, and *shall* be paid in lieu of the basic death benefit. (Gov. Code, § 21365.5.) Plaintiff's interpretation would render meaningless this mandatory language. Any such construction is to be avoided. (*Hammarley* v. *Superior Court* (1979) 89 Cal.App.3d 388, 395-396 [153 Cal.Rptr. 608].) We conclude PERS is obligated to pay to the surviving spouse the survivor's allowance in lieu of the basic death benefit (unless the surviving spouse elects to receive the basic death benefit) and regardless of whether the member had designated one other than his spouse as his beneficiary." (*Lee* v. *Board of Administration, supra,* 130 Cal.App.3d at p. 129, italics in original.)

The court further explained that its interpretation was "buttressed by the language of section 21365.5 as it was originally enacted in 1957, which expressed an intent to provide the survivor's allowance to a surviving spouse in derogation of the designated beneficiary's expectancy of the basic death benefit." (*Id.* at p. 129.)[4]

The *Lee* court's interpretation of the legislative intent is further bolstered by the fact that Assembly Bill No. 2626 (introduced Feb. 28, 1980) attempted to add the following to the proposed amendment to Government Code section 21365.6: "No benefit shall be paid pursuant to this section if, subsequent to the date the member attained minimum retirement age, he filed an effective beneficiary designation which named one of the following as beneficiary: (a) A person, or persons, other than the person or persons otherwise entitled to receive benefits under this section; (b) His surviving spouse and children, share and share alike."

Said section was deleted in its entirety from the amendment to Assembly Bill No. 2626 on June 20, 1980.

■ Respondent contends that PERS acts in bad faith by negligently misleading its members through PERS literature regarding retirement and death

---

[4]The fourth paragraph of section 21365.5 as originally enacted provided: "The payments provided by this section shall be paid in lieu of the basic death benefit but if the total payments made hereunder are less than the basic death benefit that would have been paid at the death of the member, the amount of the basic death benefit less any payments made pursuant to this action shall be paid to the beneficiary designated by the member." (Stats. 1957, ch. 2281, § 1, pp. 3980-3981.) This section was amended to provide instead that the excess shall pass to either the surviving spouse, the minor children or the member's estate. (Stats. 1959, ch. 778, § 10, p. 2772.)

benefits by informing them that beneficiaries designated by the member will receive the member's death benefits, and that PERS, therefore, should be equitably estopped from denying benefits to said designated beneficiaries. Respondent's argument was addressed in *Lee* v. *Board of Administration, supra,* 130 Cal.App.3d at pages 134-135, wherein the court stated: "Plaintiff makes no claim of bad faith on the part of PERS, and it is clear no such claim could be made. As to the degree of negligence or culpability of PERS, we agree with plaintiff that the information provided in the distributed literature is far from complete; indeed, unless the literature is read as a whole, it would be difficult for anyone to conclude other than that a member has a plenary power to *effectively* designate anyone he desires as his beneficiary. [¶] It is because the literature must be read as a whole, however, that we conclude there is no estoppel. The retirement pamphlets distributed by PERS (and which were entered into the record) make clear that the information provided therein is general and simplified and does not purport to be the definitive statement of the retirement law. Thus, in the 'Introduction' section of the 1977 PERS pamphlet on retirement benefits, the following appears in italicized form: 'While reading this material, remember that we are governed by the "Public Employees' Retirement Law" and it is the basis of all of our decisions. The statements in this booklet are general and we have made them as simple as possible while still being accurate. The Retirement Law is sometimes very complex, but when there is a conflict, any decision will have to be based on the Law and not this booklet.' "

The court further commented that the 1973 PERS pamphlet entitled "Retirement and Other Related Benefits" contained a similar admonition, and that in light of the express caveats in the pamphlets distributed, it cannot be said PERS is estopped to deny benefits to plaintiff. (*Id.,* at p. 135.) Whereas no PERS literature is part of the record herein, we believe *Lee* is dispositive on that issue.

In *Beck* v. *Board of Administration* (1982) 136 Cal.App.3d 1031 [186 Cal.Rptr. 574], which followed the Lee decision by several months, the trial court issued a writ of mandate directing the Board of Administration of PERS to award death benefits to the beneficiaries designated by a deceased state employee before her death rather than to her husband, the statutorily designated beneficiary. The Court of Appeal followed the holding in *Lee* and reversed. In *Beck,* as in *Lee* and in the case at bench, the decedent was over 50, had more than 5 years of service credit, and had not retired.

The Court of Appeal in *Beck* perceived neither an ambiguity in the language of section 21365.5 nor a conflict between section 21365.5 and sec-

tions 21365.1 and 21204, stating: "If the state miscellaneous member is under 50 years of age at the time of his or her death, or has worked less than 5 years, or has neither a surviving spouse nor minor children at the time of death, then the Legislature in section 21204 has authorized the member to designate the beneficiaries of his or her death benefits. But where the state miscellaneous member at the time of his or her death is between ages 50 and 70, has worked for the state for at least 5 years, has not retired, and is survived by a spouse or minor, unmarried child, the Legislature has determined that the member's death benefits shall go to the surviving spouse or minor child." (*Beck, supra,* at p. 1035.)

*Beck* provides an explanation for the seemingly arbitrary distinction drawn by the Legislature in the interpretation of the statutes in question. As appellant states, the beneficiary designation under section 21204 pertains only to situations in which the named benefits are payable; i.e., the basic death benefit or special death benefit. The Legislature reasonably could decide to make provision through section 21365.5 for payment to those whom, in ordinary circumstances, the law requires an employee to support, that is, a spouse or a child. (See *Ruster* v. *Ruster* (1974) 40 Cal.App.3d 379, 383 [114 Cal.Rptr. 812].)

Here, as in *Lee,* under the facts presented, section 21365.5 works an injustice in thwarting what appears to have been decedent's intent. Nevertheless, we feel constrained, as did the reviewing court in *Lee,* to refrain from "carving out exceptions" to a statutory scheme which occasionally precipitates an unforeseen or inequitable result.

The judgment is reversed with directions to enter judgment in favor of appellant.

Abbe, J., and Gilbert, J., concurred.