[Civ. No. 32259. First Dist., Div. Three. July 1, 1974.]

NELL I. RUSTER, Plaintiff and Appellant, v.
MARY JANE RUSTER et al., Defendants and Respondents.

COUNSEL

Barbagelata, Carmazzi, Arnold & Kent and Rinaldo A. Carmazzi for Plaintiff and Appellant.

Molinari, Casalnuovo & Berger and Gary P. Vannelli for Defendants and Respondents.

OPINION

**DEVINE, J.**\*—This appeal from a summary judgment dismissing plaintiff's complaint is concerned with a contest between the mother, plaintiff, and the wife, defendant, of a deceased employee of the State of California for death benefits.

John A. Ruster, decedent, a bank examiner working with the Department of Savings and Loan of the State of California, was killed in an automobile accident on November 28, 1971, at the age of 58. He had married Mary Jane on September 6, 1971, two months and 22 days before his death. For over 10 years prior to his marriage, decedent had lived

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

with his mother, Nell Ruster. On January 4, 1963, decedent had designated in writing his mother as beneficiary of his death benefits.

In 1970, there was a change in the law relative to the designation of beneficiaries. Government Code section 21205 was then enacted (its predecessor of the same number was repealed) to provide, in part, that: "A member's marriage, dissolution of marriage, annulment of his marriage, the birth of his child, or his adoption of a child shall constitute an automatic revocation of his previous revocable designation of beneficiary. Any revocable designation of beneficiary in effect on the operative date of this section which was filed prior to the occurrence of any of the conditions specified herein shall become void and of no effect on that date. [¶] Upon revocation of any beneficiary designation, a member may designate the same or another beneficiary by a writing filed with the board."

A notice of the change was mailed to each active member of the retirement system on September 21, 1970, according to the declaration of the chief of the membership division of the retirement system. Plaintiff, in her declaration, stated she would arrange and check the decedent's mail for him daily. She did not remember seeing the notice. Plaintiff declared decedent never discussed receiving the above notice or changing beneficiaries with her, but as late as the day of his death, had told plaintiff that she was the beneficiary of his retirement fund and that he had discussed this with his wife.

Because the decedent had made no new written designation of a beneficiary and the old one was revoked automatically, the benefit became payable to his spouse under Government Code section 21211, a section enacted contemporaneously with section 21205. (Stats. 1970, ch. 568, p. 1140, §§ 4, 3.) Plaintiff argues that section 21205 unconstitutionally impairs contractual rights, and is unfair and unreasonable in not permitting a grace period within which an employee may decide what to do following marriage about retirement benefits. Plaintiff also argues that the notice sent to employees was confusing and presented triable issues of fact. The trial court granted summary judgment for defendants, ruling that the wife was entitled to the death benefits of approximately $30,000.

The state is forbidden to impair the obligation of contracts by the Constitution of the United States (art. I, § 10) and by the Constitution of California (art. I, § 16). Respondents argue that plaintiff, decedent's mother, does not have, as a third party beneficiary to the contract by the retirement system made with the decedent, a separate vested right to a pension

which could not be modified prior to the death of her son, and cite *Packer* v. *Board of Retirement,* 35 Cal.2d 212, 214 [217 P.2d 660]. It is unnecessary, however, for us to decide whether the *Packer* case would rule out any claim whatever made by the mother, because of our conclusion that in any event no impairment of contract occurred. There may be a distinction between *Packer* and the cases which followed it, in which a legislative body has modified the benefits allowable under statute to certain beneficiaries, and the instant case, in which the employee and the retirement system had contracted as to the person who was to receive whatever benefits were payable.

If we assume that the third party may raise the question of impairment of contractual rights, we conclude that although public employees' retirement rights are not a gratuity, but are contractual in nature, the statutory change made by the enactment of new Government Code section 21205 is constitutionally permissible. Such a change is allowable provided that it bears a material relation to the theory of a pension system and its successful operation, and that changes which result in disadvantage to employees should be accompanied by comparable new advantages. (*Abbott* v. *City of Los Angeles,* 50 Cal.2d 438, 449 [326 P.2d 484]; *Allen* v. *City of Long Beach,* 45 Cal.2d 128, 131 [287 P.2d 765]; *Abbott* v. *City of San Diego,* 165 Cal.App.2d 511 [332 P.2d 324]; *Santin* v. *Cranston,* 250 Cal.App.2d 438, 442 [59 Cal.Rptr. 1]; *Lyon* v. *Flournoy,* 271 Cal.App.2d 774, 779-783 [76 Cal.Rptr. 869].) The relationship between the operation of section 21205 and the orderly management of the pension system is easily recognized. Doubtless one of the purposes of the enactment of section 21205 in 1970 was to provide certainty as to the identity of a beneficiary following marriage, or dissolution or annulment thereof, or the birth or adoption of a child. As an example of the difficulties encountered prior to the enactment of the new section 21205, we look to *Hudson* v. *Posey,* 255 Cal.App.2d 89 [62 Cal.Rptr. 803], decided in 1967, three years before the enactment of the new statute, in which the decedent, a public employee, had designated his wife as beneficiary and never changed the designation. Thereafter he was divorced and remarried and had a child. The old statute required a notice in writing in order to effect a change of beneficiary. The decedent had assured his second wife that she would get his retirement benefits. The court applied the requirement of the statute for written change of designation. Surely there were similar complicated situations which impelled the Legislature to enact a new statute, which would eliminate or reduce the element of doubt so that the retirement system would not be confronted with the possibility of having to pay twice.

This, in turn, would be of benefit to employees and to their beneficiaries, in that it would make for prompt payment of claims.

But besides this, the Legislature reasonably could decide to make provision for payment to those whom in ordinary circumstances the law requires an employee to support, that is, a spouse or a child; and conversely, removes from the beneficiary status upon dissolution or annulment of a marriage, a spouse or putative spouse whose rights are to be determined in the dissolution or annulment proceedings. By and large, the statute effectuates in part the general obligation of support, giving protection against failure on the part of the employee by reason of inadvertence, neglect or delay in the giving of notice. Although the statute automatically makes the change without notice by the employee, it expressly permits the member to make a change against the one made by the statute.

Here again, we must assume that the Legislature found a benefit to the employee, not only by helping him to meet an obligation which he might otherwise have overlooked, but also by comporting with what he would most likely have desired had he been attentive.

As to appellant's argument that the employee should be allowed a period of "grace" in which to decide whether he wishes a newly acquired spouse to have the benefits as against claims of a relative with whom he has had long and intimate association, we observe that the circumstances which bring the statutory claim into play are those which profoundly affect the life of the employee as the new obligations, namely, marriage, the termination of marriage, or the commencement of paternal or maternal relationship. An employee who is about to effect or to encounter these elemental changes ought to review his resources, and among them the benefits of his pension system.

 The declaration of plaintiff about the possible failure of receipt of the notice of the change of statute does not present a triable issue of fact. The statute does not require mailing of notice. The sending of it was a matter of supererogation on the part of the executive officer of the retirement system. But it is argued that if it was received by Mr. Ruster, it could have been confusing in that it says that no action is required by a member if he wishes "statutory beneficiaries" to be the persons receiving the death benefit, and that this might have lulled him into a sense of security that inaction would preserve the status quo. But this is not so. "Statu-

tory beneficiaries" were defined in the notice exactly as in the statute (Gov. Code, § 21211), in which "the member's spouse" is first in order.

The judgment is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.