[Civ. No. 1908. Fifth Dist. Nov. 8, 1974.]

DOROTHY DELLA FRAZIER, Plaintiff and Appellant, v.
TULARE COUNTY BOARD OF RETIREMENT et al.,
Defendants and Respondents.

## COUNSEL

Robert E. Snyder for Plaintiff and Appellant.

Calvin E. Baldwin, County Counsel, Thomas D. Bowman, Assistant County Counsel, David P. Adalian, Deputy County Counsel, and Kenneth E. Conn for Defendants and Respondents.

## OPINION

**FRANSON, J.**—This case involves a dispute between a surviving spouse, respondent Mary Weyand, and a designated beneficiary, appellant Dorothy Frazier, as to who is entitled to the death benefits payable under the Tulare County Employees' Retirement System as a result of the death of Deputy Sheriff Clarence Weyand.

In 1930, Clarence married Mary; thereafter, they separated. In 1948, Clarence began living with Dorothy. In 1950, Clarence was employed as a deputy sheriff of Tulare County and became a member of the County Employees' Retirement System. He designated Dorothy as the beneficiary in the enrollment questionnaire describing her as his "wife." Clarence lived with Dorothy until 1962.

Clarence died in 1971 while in service as a deputy sheriff and as a result of a heart disease which was determined to have arisen out of and in the course of his employment. At the time of his death he was still married to Mary, and Dorothy remained as his designated beneficiary for retirement and death benefits.

In 1950, when Clarence designated Dorothy as his beneficiary, Government Code section 31780 provided that upon the death before retirement while in service of a member of a county retirement system, the system was liable for a lump sum death benefit to such person as the member nominated by written designation.

In 1955, section 31780 was amended to provide, insofar as pertinent to this case, that upon the death of a member while in service and before retirement, the death benefit should be paid to a surviving spouse as provided in section 31787 if she elects to claim the benefits rather than to a designated beneficiary other than the surviving spouse. (Stats. 1955, ch. 371, p. 830, § 2.) At the same time, section 31787 was added to the County Employees' Retirement Law to allow a surviving spouse to elect to

receive, for her lifetime, a monthly death allowance equal to one-half of the member's final compensation. (Added Stats. 1955, ch. 370, p. 829, § 4.)

As the surviving spouse, Mary elected to claim the optional benefits under section 31787 as authorized by the amended section 31780, and the retirement board determined she was so entitled. Thereafter, Dorothy filed suit to recover the death benefits as authorized under section 31780 before it was amended; the court granted a summary judgment in favor of respondents and dismissed Dorothy's action. Dorothy filed a timely appeal.

Preliminarily, we note that prior to Clarence's death, neither Dorothy nor Mary had a separate vested right to receive any benefits from the pension system. This rule comes about because pension provisions for widows and beneficiaries of public employees have been considered merely a part of the employee's pension rights. (*Packer* v. *Board of Retirement,* 35 Cal.2d 212, 216 [217 P.2d 660].) Thus, Dorothy or Mary's right to recover death benefits is predicated on a derivative right through Clarence as a member of the retirement system.

What was the nature of Clarence's statutory right to designate a beneficiary? ■ We know that pension benefits which accrue to a third party upon the death of a public employee constitute an integral part of the employee's compensation for services rendered. (*Abbott* v. *City of Los Angeles,* 50 Cal.2d 438, 454-455 [326 P.2d 484]; *Benson* v. *City of Los Angeles,* 60 Cal.2d 355, 359 [33 Cal.Rptr. 257, 384 P.2d 649]; *Lyon* v. *Flournoy,* 271 Cal.App.2d 774, 781 [76 Cal.Rptr. 869]; *Myers* v. *Fire & Police Pension System,* 32 Cal.App.3d 725, 727 [108 Cal.Rptr. 429]; *Henry* v. *City of Los Angeles,* 201 Cal.App.2d 299, 314-315 [20 Cal.Rptr. 440].) This means that the employee's right to accrue benefits for a particular person constitutes a contract between the employee and the system which is entitled to protection from arbitrary infringement.

■ Although it has been held that the legislative body may modify the employee's contract rights prior to retirement, the modification must bear a material relation to the theory of the pension system and its successful operation, and any change in a pension plan which results in a substantial disadvantage to the employee must be accompanied by a comparable new advantage. (*Allen* v. *City of Long Beach,* 45 Cal.2d 128, 131 [287 P.2d 765]; *Wallace* v. *City of Fresno,* 42 Cal.2d 180, 185 [265 P.2d 884]; *Kern* v. *City of Long Beach,* 29 Cal.2d 848, 853 [179 P.2d 799]; see also *Packer* v. *Board of Retirement, supra,* 35 Cal.2d 212, 218-219.) This rule of "reasonable modification" usually has been applied in the context of cases involving a statutory amendment reducing the economic benefits to

be received by the employee upon retirement, or by his widow after his death. We have been unable to find a case, nor has one been cited, which squarely has passed on the question of whether a public employee's statutory right to designate a beneficiary is entitled to constitutional protection from arbitrary legislative impairment.

Two cases shed some light on this question. In *Henry* v. *City of Los Angeles, supra,* 201 Cal.App.2d 299, a charter amendment modified a provision for widows' pensions. Prior to the amendment, the charter provided that no widow of a retired fire or police department employee should receive a pension unless she had been married to the deceased employee at least one year prior to the date of his death. The amendment changed the charter to provide that no widow should be entitled to the pension unless she had been married to the deceased employee at least one year prior to the date of his retirement. It was held that the modification was unreasonable and, thus, unconstitutional because it cut off a vested contractual right of those employees who had married, at least one year prior to death, before the date of the amendment. While recognizing that a widow herself had no vested right in a death benefit before her husband's death, and although the modification did not reduce the quantum of benefits to the employee, the court nevertheless stated, "It is quite apparent the benefit to a fireman or policeman of being able to protect his widow with a pension, irrespective of when his marriage . . . occurred . . . is a substantial benefit which the 1925 amendment sought to curtail very sharply by requiring that [the] pensioner must have been married to such person at least one year prior to [the] retirement." (201 Cal.App.2d at pp. 314-315.)

In *Ruster* v. *Ruster,* 40 Cal.App.3d 379 [114 Cal.Rptr. 812], a state employee lived for many years with his mother and had designated her as the beneficiary of his death benefits under the state retirement system. Later, the employee married and two months and 22 days after the marriage died without making a new designation of beneficiary. Shortly after his marriage, a newly enacted code section (Gov. Code, § 21205) effected a statutory change relative to the designation of beneficiaries, making an employee's change in marital status an automatic revocation of a previous designation of beneficiary, *but providing that upon revocation of any designation a member may designate the same or another beneficiary by a writing filed with the board.* (See Gov. Code, § 21205, added by Stats. 1970, ch. 568, § 3, p. 1140. Former § 21205 was repealed by Stats. 1970, ch. 568, § 1, p. 1140.) The court held that the change effected by the statute was constitutionally permissible in that no impairment of the employee's contract occurred. We venture to suggest that the important factor supporting the reasonableness of the retroactive application of the

statute in *Ruster* was that it gave the employee the right to redesignate a beneficiary other than his spouse or child if he so desired. No such right was given to Clarence in the case before us.

*Ruster* also said: "[W]e must assume that the Legislature found a benefit to the employee, not only by helping [him] to meet an obligation which he might otherwise have overlooked, but also by comporting with what he would most likely have desired had he been attentive." █ Unlike *Ruster,* there is nothing in the facts in the present case in which it could be concluded that Clarence's failure to leave his death benefits to his surviving spouse was due to inadvertence on his part and that the application of section 31780 as amended would comport with his intention so as to result in any advantage to him. On the contrary, the fact that Clarence specifically designated Dorothy as his beneficiary while he was still married to Mary evidences a conscious decision on his part that Mary *not* receive his death benefits.

Clarence's right to designate a beneficiary in the event of his death before retirement as a result of an injury or disease occurring in and arising out of his employment was a substantial right which well may have been of greater overriding importance to Clarence than the quantum of retirement benefits which he would have received during his lifetime.

The retrospective application of amended section 31780 and section 31787 defeated Clarence's right to designate his beneficiary without giving him any comparable new advantage. Nor do we see that the amendment bears any material relation to the theory or successful operation of the pension system; who will benefit upon the employee's death has no particular relevance to the administration or economic integrity of the system.

Respondent argues that the amendment conferred a substantial benefit on Clarence in that section 31787 gave his surviving spouse the right, if she so elects, to receive a monthly death allowance until she dies and that this right probably will be of greater economic value to her than the lump sum benefit otherwise payable under section 31781. This argument begs the issue; only if Clarence had intended his surviving spouse to receive his death benefits could it be said that the addition of the optional benefit under section 31787 was of benefit to him. Any increase in pension rights to a party whom Clarence did not wish to benefit bears no relevance to the reasonableness of the modification.

Similarly, respondent's argument that it is within the sole discretion of the Legislature to favor a surviving spouse and minor children over a putative spouse misses the mark because it goes to the validity of the amended

statute as it applies to county employees who became members of the retirement system after the effective date of the amendment rather than to the question of retrospective application of the amendment to employees who had nominated a beneficiary by written designation before the statute was amended.

We hold that under the particular circumstances of this case, the application of the amendment to section 31780 to give the surviving spouse the right to elect the optional benefits provided under section 31787 constitutes an unreasonable impairment of a vested contractual right contrary to article I, section 10, U.S. Constitution and article I, section 16 of the California Constitution. (See *Lyon* v. *Flournoy, supra,* 271 Cal.App.2d 774 at pp. 779-783.)

We point out that the question of Mary's community property interest in Clarence's contributions to the pension system is not before us. (See *Benson* v. *City of Los Angeles, supra,* 60 Cal.2d 355, 359; *Waite* v. *Waite,* 6 Cal.3d 461, 470, fn. 5 [99 Cal.Rptr. 325, 492 P.2d 13]; *In re Marriage of Fithian,* 10 Cal.3d 592, 596 [111 Cal.Rptr. 369, 517 P.2d 449].) Presumably this issue will be litigated at the trial.

The judgment of dismissal following the granting of the motion for summary judgment is reversed; the cause is remanded for a trial on the issues raised by the pleadings.

Brown (G. A.), P. J., and Gargano, J., concurred.

A petition for a rehearing was denied November 26, 1974, and respondents' petition for a hearing by the Supreme Court was denied January 8, 1975.