# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-SA-01058-SCT

*PUBLIC EMPLOYEES' RETIREMENT SYSTEM*

*v.*

*LOLA PORTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/27/1999 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARY MARGARET BOWERS |
| ATTORNEY FOR APPELLEE: | FRANK J. CAMPBELL |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED IN PART AND VACATED IN PART - 02/24/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/16/2000 |

## BEFORE PRATHER, C.J., SMITH AND WALLER, JJ.

## PRATHER, CHIEF JUSTICE, FOR THE COURT:

### INTRODUCTION

¶1. The Court is called upon to determine the constitutionality of a statute which mandates that the pre-retirement death benefits of a Mississippi Public Employees' Retirement System (hereinafter PERS) member shall go to the member's surviving spouse, regardless of whom the member has duly designated as his or her beneficiary.

### STATEMENT OF THE CASE

¶2. Thomas Gaines was born on May 3, 1942. He married Deloris Scott Gaines on June 14, 1973. On August 21, 1980, he became employed by the City of Greenville as a laborer. When Gaines began this employment, he became a member of PERS. Under the relevant PERS regulations in effect when Gaines entered PERS, if a member died before retiring, the accumulated contributions contained in his or her account were paid to the designated beneficiary. The only law in effect when Gaines entered PERS which even mentioned a spouse receiving a member's retirement benefits when that member died prior to retirement was Miss. Code Ann. § 25-11-111 (c), which stated the following:

Any member who has completed ten (10) or more years of creditable service, and who dies prior to

retirement and who leaves a spouse *who is named as his beneficiary*, and who has been married to the member for not less than five (5) years immediately preceding his death, and shall not have exercised any other option, shall be deemed to have automatically exercised Option 2 under Section 25-11-115 for the benefits of his spouse, who shall be paid Option 2 settlement benefits under this article.

Miss. Laws of 1980, Chapter 481 (emphasis added). At some point in 1980, and Mrs. Gaines separated. They never obtained a divorce, and no children were born to their marriage.

¶3. PERS uses a "Form 1" to enroll new members in the retirement system, as well as to designate beneficiaries. The record is silent as to whether Gaines designated a beneficiary when he entered PERS in 1980. However, on November 11, 1991, Gaines properly executed a "Form 1" in which he designated his sister, Lola Porter, as his beneficiary. This was the last "Form 1" executed by Gaines. Additionally, Gaines repeatedly told Porter, his mother, and his father that he wanted his sister, Porter, to receive his PERS benefits in the event of his death.

¶4. On July 1, 1992, an amendment to Miss. Code Ann. § 25-11-114 became effective. The revised statute, in relevant part, reads as follows:

(1) The applicable benefits provided in subsections (2) and (3) of this section shall be paid to eligible beneficiaries of any member who has completed four (4) or more years of creditable service and who dies before retirement and who has not filed a Pre-Retirement Optional Retirement Form as provided in Section 25-11-111.

(2)(a) *The member's surviving spouse* who has been married to the member for not less than one (1) year immediately preceding his death *shall receive an annuity* computed in accordance with paragraph (d) of this subsection (2) *as if the member*:

(i) Had retired on the date of his death with entitlement to an annuity provided for in Section 25-11-111, notwithstanding that he might not have attained age sixty (60) or acquired twenty-five (25) years of creditable service;

(ii) *Had nominated his spouse as beneficiary*...

(emphasis added).

¶5. Gaines died on December 11, 1997, at which time he had 17 ½ years of service credit with PERS. After Gaines' death, Lola Porter sought to receive the PERS benefits as her brother's designated beneficiary. Deloris Scott Gaines also sought to receive the PERS benefits under Miss. Code Ann. § 25-11-114 (2)(a) as Gaines' surviving spouse. By letter dated February 10, 1998, PERS informed Lola Porter's attorney that, pursuant to § 25-11-114 (2)(a), Deloris Scott Gaines would receive Gaines' benefits as his surviving spouse. This letter further explained that if there was any money left once payments to Mrs. Gaines ceased, the remaining funds would go to Porter as Gaines' named beneficiary. Porter appealed this decision, and a hearing was held before the PERS Claims Committee on October 21, 1998. On this date, the balance on Gaines' account was $21,541.58. The Claims Committee also ruled that Mrs. Gaines should receive her husband's PERS benefits pursuant to the statute.

¶6. Porter then appealed the Committee's decision to the Circuit Court of the First Judicial District of Hinds

County. By order dated April 27, 1999, the Honorable W. Swan Yerger, Hinds County Circuit Judge, held that Miss. Code Ann. § 25-11-114(2)(a) "unconstitutionally deprived **Thomas Gaines** of his right to direct the distribution of his property during his lifetime and at his death in violation of Art. 1, § 10 of the U.S. Constitution and Art. 3, § 16 of the Mississippi Constitution." The circuit court then declared the statute, as applied in all circumstances, to be unconstitutional "insofar as such statute defeats or diminishes the right of **a PERS participant** to designate a named beneficiary for accumulated benefits at death." The circuit court based its decision on the holding in **In re Estate of Dillon**, 632 So.2d 1298 (Miss. 1994), in which this Court held that the clear intent of the PERS member should determine who is that member's beneficiary, and that if strict compliance with the particular statute in that case (different from the one at issue here) would defeat the member's intent, then strict compliance would not be required. Finally, the circuit court ordered PERS to deliver Gaines' benefits to Porter, as his named beneficiary.

¶7. Aggrieved from by the judgment of the circuit court, PERSs now appeals to this Court, raising the following assignments of error:

> **I. The trial court erred in basing its decision on the ruling in *The Matter of the Estate of Dillon*, 632 So.2d. 1298 (Miss. 1994), which is factually distinguishable and which was decided by the Mississippi Supreme Court prior to the amendment to Miss. Code Ann. Section 25-11-114 which provides for mandatory spousal benefits.**

> **II. The trial court erred in holding that PERS applied Miss. Code Ann. Section 25-11-114(2)(a) so as to defeat or diminish benefits allegedly due Lola Porter, depriving Thomas Gaines of his right to direct the distribution of his property during his lifetime and at his death.**

> **III. The trial court erred in declaring Miss. Code Ann. Section 25-11-114(2)(a) unconstitutional in that the ruling disregards the legislative intent to recognize the surviving spouse as a member of a "protected class" and further erred as its ruling discriminates between those cases where only adults are involved, those where member is survived by a spouse and dependent children, and those cases where the member is killed in the line of duty.**

## DISCUSSION

¶8. "This Court's standard of review of an administrative agency's findings and decisions is well established. An agency's conclusions must remain undisturbed unless the agency's order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights." **Sprouse v. Mississippi Employment Sec. Comm'n**, 639 So.2d 901, 902 (Miss. 1994); **Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors**, 621 So.2d 1211, 1215 (Miss. 1993); **Mississippi Employment Sec. Comm'n v. PDN, Inc.,** 586 So.2d 838, 840 (Miss. 1991). This Court may neither substitute its own judgment for that of the agency which rendered the decision nor reweigh the facts of the case. **Mississippi Pub. Serv. Comm'n v. Merchants Truck Line, Inc.**, 598 So.2d 778, 782 (Miss. 1992).

¶9. The facts of this case are uncontroverted, and the PERS Claims Committee obviously has the authority to award benefits accrued within its retirement system. Therefore, the only issue before this Court, under the applicable standard of review, is whether the PERS order violates one's constitutional rights. As PERS based its decision on Miss. Code Ann. §25-11-114 (2)(a), the question becomes whether that statute is

constitutional.

## I.

¶10. In its first assignment of error, PERS correctly points out that *Dillon* is factually distinguishable from the case sub judice and was decided under a statute different from the one at issue here. In that case, Dillon was a member of PERS. On November 10, 1983, while divorced, he duly designated his children as beneficiaries of his state retirement funds. By will dated July 9, 1984, he again directed that his state retirement funds be divided between his children. Also in 1984, the applicable statute was amended, with the new version stating that the spouse of a PERS member would be the beneficiary of that member unless the member designated another beneficiary subsequent to the date of marriage to that spouse. Dillon remarried on July 27, 1987, and never redesignated his children as his PERS beneficiaries. Dillon and his new wife filed for divorce in 1988, and along with the petition for divorce, filed a property settlement agreement wherein each party waived any rights in the other's estate upon that party's death. By codicil dated May 30, 1989, Dillon directed that his children receive his death benefits. He died on September 21, 1989. Because the divorce decree had not been entered at the time of his death, Dillon was still legally married to his second wife. Because the revised statute gave the PERS member an opportunity to designate someone other than the member's spouse as beneficiary, this Court rejected the contention of Dillon's children that the statute violated the Contract Clauses of the United States and Mississippi Constitutions. *Dillon*, 632 So.2d at 1303. This Court went on to hold that although the "redesignation" statute was not satisfied, it would not be strictly applied in order to defeat a member's clear intent as to whom he or she wanted to be the beneficiary of their retirement benefits (Dillon's children in this case, as evidenced by his will, codicil, and settlement agreement). *Id.* at 1303-04. Although this Court agrees that *Dillon* is factually distinguishable, it does provide insight helpful to us in deciding the case sub judice.

## II. and III.

¶11. The *Dillon* court based its decision *Ruster v. Ruster*, 40 Cal. App. 3d 379, 114 Cal. Rptr. 812 (1974). In that case, the statute provided that a change in the family status of a state retirement system member would automatically revoke the member's previous designation of beneficiary. However, as was the case in *Dillon*, the statute in *Ruster* also allowed the member to redesignate the beneficiary of his or her choice after the revocation caused by the family status change. Therefore, the court in *Ruster* held that the statute did not violate the Contract Clause of the United States Constitution.

¶12. This Court in *Dillon* also cited *Frazier v. Tulare County Bd. of Retirement*, 42 Cal. App. 3d 1046, 117 Cal. Rptr. 386 (1974), which is directly on point with the case sub judice. In *Tulare*, Clarence Weyand and Mary Weyand were married in 1930. They separated soon after, but never obtained a divorce. Clarence became a member of the Tulare County Employee's Retirement System (System) in 1950, at which time he duly designated Dorothy Frazier as his beneficiary. The law at that time said if a member died prior to retirement, the System was to pay death benefits to whomever a member had designated as his or her beneficiary. The law was changed in 1955 to direct the System in such a situation to pay death benefits to a member's surviving spouse, if the spouse elected to receive said benefits. Upon Clarence's death in 1971, Dorothy claimed the benefits as Clarence's beneficiary, and Mary claimed the benefits as Clarence's surviving spouse. The California Court of Appeals stated that "[a]lthough it has been held that the legislative body may modify the employee's contract rights prior to retirement...any change in a pension system which results in a substantial disadvantage to the employee must be accompanied by a

comparable new advantage." *Tulare*, 42 Cal. App. 3d at 1049, 117 Cal. Rptr. at 388. Finding that the 1955 amendment conferred no new benefits on System members, the court found the revised statute "constitutes an unreasonable impairment of a vested contractual right contrary to Article I, Section 10, U.S. Constitution," and awarded the retirement benefits to Dorothy, Clarence's designated beneficiary. *Tulare*, 42 Cal. App. 3d at 1052, 117 Cal. Rptr. at 389.

¶13. In *Snow v. Abernathy*, 331 So.2d 626 (Ala. 1976), the Alabama Supreme Court addressed a statute similar to the one at issue here. In that case, Henry Snow became a member of the Alabama Retirement System (System) in 1947. When he joined the System, he designated his wife, Martha, as his beneficiary. The law at that time provided that if a member died before retirement, the System was to pay the amount of his or her contributions plus interest to the member's estate, or to whomever he or she had designated as beneficiary. When Henry divorced Martha in 1965, he changed his beneficiary from Martha to his estate. Henry married Elizabeth in 1966. In 1967, the law was changed to hold that if a member died prior to retirement, the total contributions plus interest were to be paid to the member's surviving spouse. Henry died in 1974 while still married to Elizabeth. Henry's children, who were also his heirs at law, claimed the death benefits on behalf of the estate (per Henry's last designation in 1965). Elizabeth claimed the benefits as Henry's surviving spouse. The Alabama Supreme Court stated that "[t]hough management (or the legislature) may reserve the right to revise or amend the plan, vested rights of the employee may not be impaired and will be safeguarded." *Snow*, 331 So.2d at 631 (citing *Weesner v. Electric Power Bd.*, 48 Tenn. App. 178, 183, 344 S.W.2d 766, 768 (1961)). "Snow's contractually vested right was to receive all benefits 'contracted' for and included the power to designate his beneficiary. That right was provided by [the statute]; the basis of the contractual agreement at the time of Snow's election to participate. By electing, expressly or by assent, to participate in such plan employees acquire vested rights of contract to the benefits provided therein upon acceptance of the plan. Those rights may not be impaired by subsequent legislation." *Snow*, 331 So.2d at 631. The court awarded the amount of Henry's contributions plus interest to his estate, his named beneficiary.

¶14. "No State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts . . . ." U.S. Const. Art. I, § 10. "Ex post facto laws, or laws impairing the obligation of contracts, shall not be passed." Miss. Const. Art. 3, § 16 (1890). The Contract Clauses of the state and federal constitutions are substantially similar. *Southern Bell Telephone & Telegraph Co. v. City of Meridian*, 241 Miss. 678, 694, 131 So.2d 666, 670 (1961). "The obligation of a contract, in the meaning of these depends on the law in existence when the contract was made . . . and [means] the law under which the contract was made . . . [l]egislation of state impairing the obligation of a contract made under its authority is void . . ." *Tucker Printing Co. v. Board. of Supervisors*, 171 Miss. 608, 616, 158 So. 336, 338 (1934).

¶15. Since the issue of a public retirement system requiring pre-retirement death benefits be paid to a member's spouse, rather than named beneficiary, is one of first impression in this state, it is necessary to turn to other jurisdictions for guidance. The Contract Clauses of the Mississippi and United States Constitutions require that laws not be passed which will impair the obligation of contracts. As this Court pointed out in *Tucker Printing*, the "obligation" of a contract, in a constitutional sense, depends on the law in effect when that contract was made. When Thomas Gaines joined PERS in 1980, the law provided that if a PERS member with a sufficient amount of credible service died prior to retirement, then his or her retirement benefits would go to his or her designated beneficiary. When Thomas Gaines joined PERS in 1980, there were no laws providing for a mandatory spousal benefit in the event of a member's pre-

retirement death. As the Alabama Supreme Court pointed out in *Snow*, one of the benefits a member in a retirement plan "contracts" for is the right to designate his or her beneficiary. Therefore, when Gaines entered PERS in 1980, he received, among other things, the non-contingent contractual right to designate his beneficiary; and Miss. Code Ann. § 25-11-114 (2)(a), as amended in 1992, impairs that right. As the California Court of Appeals pointed out in *Tulare*, the legislature may alter a retirement system member's contractual rights; but if doing so subjects the member to a substantial disadvantage, a substantial new advantage must also be conferred upon that member in order to pass constitutional muster. In the case sub judice, the amendment to the statute deprived Gaines of a significant contractual right without bestowing any additional benefits onto him. The decisions rendered in *Snow* and *Tulare* are directly on point with the case presently before this Court, and we find these decisions to be persuasive.

## CONCLUSION

¶16. We hold that Miss. Code Ann. § 25-11-114 (2)(a), as amended in 1992, cannot operate in a constitutional manner in this case under both the U.S. and the Mississippi Constitution, as it impairs a contractual right which Gaines acquired in 1980. Therefore, Lola Porter, as his duly designated beneficiary, shall be awarded Thomas Gaines' PERS pre-retirement death benefits.

¶17. We affirm the circuit court's judgment to the extent that it holds that Miss. Code Ann. § 25-11-114 (2)(a) is unconstitutional as applied to Thomas Gaines and orders that Gaines' PERS benefits be awarded to Lola Porter, his named beneficiary. However, we decline to address the issue of the constitutionality of this statute as applied in all situations, as such was not the central issue in the case presently before us, and therefore, was not sufficiently addressed by the parties herein. Accordingly, we vacate the circuit court's judgment to the extent that it holds that the statute is unconstitutional as applied to all PERS members, regardless of when said members entered the system.

¶18. **AFFIRMED IN PART AND VACATED IN PART.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**