# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-SA-01011-COA

**CHARLES D. EASLEY**                                                    **APPELLANT**

**v.**

**PUBLIC EMPLOYEES' RETIREMENT SYSTEM**                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/02/2015 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | JEFFREY CARTER SMITH COURTNEY BRADFORD SMITH |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JANE L. MAPP |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | AFFIRMED DECISION OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM'S BOARD OF TRUSTEES |
| DISPOSITION: | AFFIRMED - 01/17/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**BARNES, J., FOR THE COURT:**

¶1. Charles D. Easley, a former Mississippi Supreme Court justice, requested Public Employees' Retirement System (PERS) benefits from 1986 through 2000 for work he performed as a court-appointed attorney in the Lowndes County Chancery Court.[1] Following an administrative hearing before the PERS Board of Trustee's Claims Committee, the Board

---

[1] Justice Easley served as an associate justice on the Mississippi Supreme Court from 2000 to 2008.

denied the request for service credit, finding that Justice Easley was an independent contractor and no employee-employer relationship had been established. He filed an appeal with the Hinds County Circuit Court, First Judicial District, which affirmed the Board's decision. Finding no abuse of discretion in the Board's denial of PERS benefits, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

¶2. From 1986 to 2000, Justice Easley served as a court-appointed attorney in Lowndes County Chancery Court, representing indigent respondents in commitment proceedings. The chancery court's order appointing Justice Easley stated that he was "entitled to a monthly salary of $450.00 . . . for services rendered to the Court and [his] respective indigent clients." It was noted in the order that this amount had been approved by the Lowndes County Board of Supervisors. This document was the only evidence of his appointment. Justice Easley maintained a private law practice during this period, and the chancery clerk assigned him cases on an individual basis.

¶3. After Justice Easley left the Mississippi Supreme Court in 2008, he contacted PERS to inquire whether he was eligible for benefits during the period he served as a court-appointed attorney (1986 through 2000). PERS had no record of his service during that period and was unable to find any documentation from the Lowndes County Board of Supervisors that Justice Easley had been hired as a county employee. His earnings were reported on an Internal Revenue Service (IRS) Form 1099-MISC for the years 1986-1998. But for unexplained reasons, in 1999 and 2000, Lowndes County classified Justice Easley

2

as a part-time employee "not working 80 or more hours per month," and his earnings were reported on an IRS W-2 form for those two years. Although he admittedly received health-insurance benefits through Lowndes County, the evidence was inconclusive who paid the premiums. At the hearing, he testified that he was "not sure" if he had paid them. Regardless, none of Justice Easley's Lowndes County earnings were ever reported to PERS, and he never contributed to the system.

¶4. In a letter dated June 17, 2009, the executive director of PERS informed Justice Easley that he was considered an independent contractor and, therefore, not eligible for benefits. Justice Easley appealed the decision to the Board, and a hearing was held on January 25, 2011. The Board subsequently determined that Justice Easley was not eligible for PERS membership related to his appointment by the Lowndes County Chancery Court, and it denied his request for service credit for those years. The Hinds County Circuit Court affirmed the Board's decision, and Justice Easley now appeals to this Court.

## DISCUSSION

### I. Whether PERS's decision to deny benefits was arbitrary and capricious.

¶5. An administrative agency's decision may not be overturned on appeal "unless the agency's decision is not supported by substantial evidence, is arbitrary or capricious, is beyond the scope or power granted to the agency, or violates constitutional rights." *Vaughn v. Pub. Emps' Ret. Sys. of Miss.*, 182 So. 3d 433, 437 (¶4) (Miss. 2015) (citing *Pub. Emps' Ret. Sys. v. Porter,* 763 So. 2d 845, 847-48 (¶8) (Miss. 2000)). Furthermore, "[t]here is a rebuttable presumption in favor of a PERS ruling." *Pub. Emps' Ret. Sys. v. Dishmon*, 797

3

So. 2d 888, 891 (¶9) (Miss. 2001) (citing *Brinston v. Pub. Emps' Ret. Sys.,* 706 So. 2d 258, 259 (¶6) (Miss. Ct. App. 1998)). Neither an appellate nor a trial court is "entitled to substitute its own judgment for that of PERS, and it is impermissible for a reviewing court to re-weigh the facts of the case." *Id.* (citing *Miss. Pub. Serv. Comm'n v. Merchs. Truck Line Inc.,* 598 So. 2d 778, 782 (Miss. 1992)).

¶6. As the circuit court noted in its order, Mississippi Code Annotated section 25-11-105 (a)(i) (Rev. 2010) provides:

> All persons who become employees in the state service after January 31, 1953, and whose wages are subject to payroll taxes and are lawfully reported on IRS Form W-2, except those specifically excluded, or as to whom election is provided in Articles 1 and 3, shall become members of the retirement system as a condition of their employment.

The evidence showed that Justice Easley received a 1099-MISC IRS form from 1986 to 1998, and he was classified as a "vendor." Although he did receive an IRS W-2 form in 1999 and 2000, there was nothing to indicate his duties or classification had changed. Lowndes County classified Justice Easley as a part-time employee "not working 80 or more hours per month" for those two years. He admitted that he was "paid part time" at the hearing, and he only worked when he "g[ot] a call that somebody needs [to be] committed" and had no specific hours, but "was on call 24 hours a day." Section 25-11-105(g) provides that "[t]he [B]oard may, in its discretion, deny the right of membership in this system to any class of employees whose compensation is only partly paid by the state or *who are occupying positions on a part-time or intermittent basis*." (Emphasis added).

¶7. The PERS statute simply defines an employee as "any person legally occupying a

4

position in the state service, and shall include the employees of the retirement system created under this article." Miss. Code Ann. § 25-11-103(l) (Supp. 2016). Our court has held: "In determining whether an individual is an employee or an independent contractor, the central issue is 'whether the employer has the right to exercise control over the work of the employee.'" *Miss. Dep't of Emp't Sec. v. Harbin*, 11 So. 3d 137, 140 (¶7) (Miss. Ct. App. 2009) (quoting *Estate of Dulaney v. Miss. Emp't Sec. Comm'n*, 805 So. 2d 643, 646 (¶13) (Miss. Ct. App. 2002)). Thus, "[a]n independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." *Chisolm v. Miss. Dep't of Transp.*, 942 So. 2d 136, 141 (¶7) (Miss. 2006). As the chancery court's order stated, Justice Easley was "entitled" to a small monthly salary from Lowndes County, and the record reflects he also received health and dental insurance through the county. However, similar to a court-appointed public defender, the chancery court assigned Justice Easley cases on an as-needed basis; he did not have any regular work hours or an office at the courthouse. Lowndes County did not have control over Justice Easley's day-to-day work, and it was undisputed that he maintained a private law practice during this period.

¶8. As there was substantial evidence presented that supports the Board's denial of benefits, we find its decision to deny benefits was not arbitrary or capricious.

> **II. Whether PERS exceeded its authority, and violated Justice Easley's constitutional rights, by restricting the powers of the chancery court.**

5

¶9.     Justice Easley argues that PERS's ruling exceeds its authority, as the ruling effectively limits or restricts the chancery court's authority to appoint representation in commitment proceedings.   Under Mississippi Code Annotated section 41-21-67 (Supp. 2016), the chancery court is authorized to appoint an attorney to represent a respondent who does not have the services of an attorney in a commitment proceeding.

¶10.    The Board did comment in its findings that while the statute "contemplates the appointment of indigent counsel on a case-by-case basis, . . . there appears to be no specific authorization for the practice of appointing indigent counsel for a period of years." However, the Board did not make any findings that the chancery court's authority to appoint indigent counsel in commitment hearings was unauthorized or restricted.   Rather, analogizing his appointment to that of a court-appointed public defender, the Board merely concluded that such an appointment did not constitute an employee-employer relationship qualifying Justice Easley for benefits.

¶11.    Accordingly, we find no merit to this argument.

> ### III.     Whether the attorney general's role in this case was improper and violated Justice Easley's right to due process.

¶12.    A representative from the state's attorney general's office was the hearing officer in this case.  Justice Easley contends that the attorney general's office should not have been allowed "to investigate, prosecute, and act in a judicial or quasi-judicial capacity."  In *Public Employees' Retirement System v. Stamps*, 898 So. 2d 664, 677 (¶50) (Miss. 2005), the Mississippi Supreme Court held:  "The presumption exists that hearing officers act with fairness and honesty." (Citing *Harrison Cty. Sch. Bd. v. Morreale,* 538 So. 2d 1196, 1202

(Miss. 1989)). "[T]o overcome this presumption, there must be a showing of personal or financial interest on the part of the hearing officer, or evidence of misconduct." *Id*. at 677-78 (¶50) (citing *Dampier v. Lawrence Cty. Sch. Dist.,* 344 So. 2d 130, 132-33 (Miss. 1977)). Justice Easley has offered no details as to how the participation of the attorney general's office at the hearing resulted in bias or partiality in the adjudication of the proceedings. He summarily argues that the attorney general may not "sit in a judiciary capacity for an administrative agency," and "[t]here was no semblance of fairness where PERS was acting as investigative and judicial bodies in the same circumstance."

¶13.    However, the supreme court "has rejected the proposition that administrative agencies cannot perform both investigative and adjudicative functions." *Id*. at 678 (¶50) (quoting *Freeman v. Pub. Emps' Ret. Sys. of Miss.,* 822 So. 2d 274, 281 (¶22) (Miss. 2002)). "The combination in the same individual of nonadjudicative functions does not violate due process, provided the claimant's due process rights to a fair hearing before an impartial adjudicator are otherwise protected." *Id.* Additionally, in reference to an assistant attorney general being a hearing officer, the supreme court has specifically noted that the office "affords counsel to state agencies[,] and . . . [the supreme court] see[s] no conflict or suggestion of unfairness in this arrangement." *United Cement Co. v. Safe Air for the Env't Inc.*, 558 So. 2d 840, 842 (Miss. 1990) (citing *Frazier v. State ex rel. Pittman,* 504 So. 2d 675, 691 (Miss. 1987)). Examining the record, we find no bias indicated in the hearing officer's actions in this case, and there is no basis for Justice Easley's claim.

¶14.    **THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY, FIRST JUDICIAL DISTRICT, IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE**

7

**ASSESSED TO THE APPELLANT.**

      **LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR AND GREENLEE, JJ., CONCUR.  WILSON AND WESTBROOKS, JJ., NOT PARTICIPATING.**